UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT BONZANI MD, <br><br> Plaintiff, <br><br> v. <br><br> GOSHEN HEALTH SYSTEM INC, et al., <br><br> Defendants. | CASE NO. 3:19-CV-586-DRL-MGG |

**ORDER**

Pending and ripe before the Court is the Combined Motion for Protective Order, Motion to Exclude, and Motion to Strike filed by Defendants Goshen Health System, Inc. and Goshen Hospital Association, Inc. (collectively "Goshen") on May 11, 2022. [DE 119]. The undersigned conducted a video motion hearing regarding the Combined Motion on June 22, 2022. [DE 126]. At a scheduling conference on September 19, 2022, the presiding judge denied as moot Goshen's Motion to Exclude Evidence from consideration at summary judgment and denied with leave to refile their request to exclude the evidence at trial. [DE 137]. Thus, the only matters remaining under consideration from the Combined Motion are Goshen's Motion for Protective Order and Motion to Strike. Additionally, Goshen's Motion to Seal Exhibit B [DE 124] filed in support of their reply brief is ripe for decision.

As a preliminary matter, Goshen's Combined Motion sought three different forms of relief from this Court. While all three matters share a common factual background, they are not alternative forms of relief. Therefore, the three matters should

have been filed separately in compliance with N.D. Ind. L.R. 7-1(a). With that said, the Court prefers to rule on the merits of matters before it rather than on technicalities. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities"). Accordingly, the Court will turn its attention to the merits of the requests remaining in Goshen's Combined Motion. Yet Goshen is **ADMONISHED** to comply fully with all the procedural rules applicable in this Court.

I.   **RELEVANT BACKGROUND**

Goshen's Combined Motion seeks relief from the Court based upon certain conduct by Dr. Bonzani before filing his complaint in this action on August 1, 2019. Dr. Bonzani, a practicing surgeon with privileges at Goshen Hospital, had resigned his position on January 9, 2018, following a peer review initiated in response to the death of one his patients. An outside peer review company, NorthGauge, had prepared a peer review report about him for Goshen Hospital. NorthGauge's report affected the outcome of the peer review, which led to Dr. Bonzani's resignation.

In August 2018, about eight months after his resignation and a year before filing his original complaint, Dr. Bonzani gathered information from NorthGauge about their peer review services. In doing that, Dr. Bonzani spoke by telephone with NorthGauge representatives Jon Moses, CEO, and Robert Mordkin, M.D. In those two conversations, Dr. Bonzani undisputedly identified himself as Dr. Albert Tomchaney, an executive at a different health care system in Indiana. Dr. Bonzani also created a unique email account, which he used in arranging the two phone conversations. Dr. Bonzani

recorded the conversations without NorthGauge's knowledge. After the conversations, NorthGauge emailed a sample report to Dr. Bonzani—thinking he was Dr. Tomchaney—at the same email address Bonzani used to schedule the phone calls. According to Dr. Bonzani, he did not request the sample report but NorthGauge sent it to him anyway.

As part of discovery in this case, Dr. Bonzani produced his recorded conversations with Mr. Moses and Dr. Mordkin. Dr. Bonzani also testified at his deposition about using someone else's identity to contact NorthGauge. Upon receipt of this information, Goshen concluded that Dr. Bonzani's conduct constituted illegal wiretapping, wire fraud, and identity deception. Citing 18 U.S.C. § 2515, which prohibits use in any court proceeding of wire or oral communications surreptitiously recorded, Goshen filed its Combined Motion asking that all references to and evidence derivative of the recordings be stricken from the pleadings, precluded from discovery, and excluded for any evidentiary purpose in this case. In support of their motion, Goshen also filed part of the transcript from Dr. Bonzani's recording of his conversation with Mr. Moses and Dr. Mordkin as an exhibit. Consistent with their requests under Section 2515, Goshen also filed a motion to seal the exhibit.

## II.   DISCUSSION

As already noted, the only remaining questions arising from Goshen's Combined Motion are (1) whether a protective order should be entered prohibiting Dr. Bonzani from seeking any additional discovery related to or flowing from the recordings of his conversations with Mr. Moses and Dr. Mordkin; and (2) whether Dr. Bonzani's

references to the recordings and/or their content in his Second Amended Complaint should be stricken. However, the procedural posture of this case dictates the outcome of both questions without any determination as to the legality of Dr. Bonzani's conduct.

### A.     Protective Order

The final deadline for completion of discovery expired on August 12, 2022. [DE 128 at 10]. To date, no party has asked to extend or reopen the discovery period and nothing in the record suggests that Dr. Bonzani intends to seek any additional discovery related to or arising from the NorthGauge recordings at issue. Additionally, the deadline for filing dispositive motions passed on September 30, 2022, with Goshen having timely filed a motion for summary judgment seeking judgment on all remaining claims. That motion is now ripe and Dr. Bonzani did not use any evidence of the recordings or arising from them in his opposition to Goshen's motion. Moreover, the Court has provided Goshen with an opportunity to refile their request to exclude evidence related to or arising from the recordings at trial. [DE 137 at 1]. Thus, the recordings are not a current issue in this litigation and Goshen has remedies available to them should they become an issue at trial. Therefore, the protective order Goshen seeks is moot.

### B.     Second Amended Complaint

Not only does the record lack any indication that the recordings are or will become a discovery issue in this case, no party has relied upon the references to the recordings in the Second Amended Complaint in arguing for or against Goshen's pending motion for summary judgment. As these pleadings are not the focus of any

4

current proceeding in this matter and the Court has afforded the parties an opportunity to address the evidentiary implications of the recordings at trial, Goshen is not unduly prejudiced by the pleadings. Therefore, striking the portions of the Second Amended Complaint related to the recordings is not necessary.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Protective Order and their Motion to Strike, as contained in their Combined Motion, are **DENIED AS MOOT**[1]. [DE 119]. Having not used the transcript of Dr. Bonzani's Moses/Mordkin conversation to resolve this motion, good cause exists to maintain it under seal. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Accordingly, Defendants' Motion to Seal is **GRANTED**. [DE 124]. The Clerk is **DIRECTED** to maintain Exhibit B in support of Defendants' reply brief [DE 123-2, 124-1] under seal.

**SO ORDERED** this 19th day of December 2022.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

---

[1] Based on the foregoing, the Court presumes that Dr. Bonzani's NorthGauge recordings will not be utilized as evidence in this case. However, if Dr. Bonzani reasserts his desire to use this information, Goshen may renew their motion for protective order and motion to strike the relevant portions of the Second Amended Complaint.